UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM MONROE and
ROBERT SADHOFF
          Plaintiffs,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
ALESSANDRO LONGARDINO, Shield # 7210,
Narcotics Borough Queens,
NEW YORK CITY POLICE DETECTIVE
ROBERT ANDERSON, Narcotics Borough Queens,

          Defendant(s).
----------------------------------------------------------X

**COMPLAINT & JURY DEMAND**

**CV 13  0001**

**AMON, CH.J.**

**SCANLON, M.J.**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, WILLIAM MONROE and ROBERT SADHOFF, seek redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, WILLIAM MONROE and ROBERT SADHOFF are United States Citizens and residents of the United States, and at all times relevant herein are residents of the State of New York.

8. Defendants NEW YORK CITY POLICE DETECTIVE ALESSANDRO LONGARDINO, Shield # 7210, and NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON both of Narcotics Borough Queens, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DETECTIVES LONGARDINO and ANDERSON are sued individually and in their official capacity. At all times relevant, Defendant DETECTIVES LONGARDINO and ANDERSON were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY

POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant DETECTIVES LONGARDINO and ANDERSON were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers and maintenance of police facilities as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and Defendant CITY OF NEW YORK. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance of police facilities.

## STATEMENT OF FACTS

11. On January 13, 2010 at approximately 5:00 p.m., Plaintiffs, who are brothers-in law, were driving in a motor vehicle from the location of 3982 65th Place in Queens to 6541 Jay Avenue in Maspeth. Plaintiff ROBERT SADHOFF, who was the driver of the vehicle, was helping Plaintiff WILLIAM MONROE, the front passenger seat occupant, as Plaintiff MONROE was in the process of moving from 65th Place to the address on Jay Avenue. The Plaintiffs stopped by a friends' house to pick up personal property belonging to Plaintiff MONROE, whereafter the Plaintiffs proceeded westbound on The Long Island Expressway Service Road to Maurice Avenue where the Plaintiffs stopped at an auto garage in order for Plaintiff SADHOFF to check on his car's engine, while Plaintiff MONROE went into the location to buy a pack of cigarettes. Upon further information and belief, after a few minutes both Plaintiffs reentered the vehicle, whereafter the Plaintiffs proceeded to drive north on Maurice Avenue to Tyler Avenue where they made a left hand turn onto Tyler Avenue driving up to 63rd Street. At the intersection of Tyler and 63rd the Plaintiffs were about to make a right hand turn when named Defendant Detectives LONGARDINO and ANDERSON activated the lights on their police vehicle, an unmarked black Crown Victoria, and ordered Plaintiff SADHOFF to pull over. Plaintiff SADHOFF pulled over as directed, whereafter Defendant DETECTIVE LONGARDINO approached the Plaintiffs' vehicle on the driver's side and Defendant DETECTIVE ANDERSON, with his service weapon drawn, approached on the passenger side and ordered Plaintiff MONROE to exit the vehicle. Plaintiff SADHOFF proceeded to ask Defendant DETECTIVE LONGARDINO what was the matter, whereafter Defendant DETECTIVE LONGARDINO stated in sum and substance "so that's how it's going to be", while Defendant DETECTIVE ANDERSON

asked Plaintiff MONROE "what are you doing in this neighborhood?" Plaintiff MONROE proceeded to explain to the Defendant Officers where the Plaintiffs were going and what they were doing, to which Defendant DETECTIVE ANDERSON stated that the Plaintiffs' story "made no sense". Upon further information and belief, Defendant DETECTIVE LONGARDINO then asked Plaintiff SADHOFF to explain where they were going, whereafter Plaintiff SADHOFF also explained what the Plaintiffs were doing. The Defendant Detectives proceeded to order Plaintiff SADHOFF to stand near the rear of his vehicle while Plaintiff MONROE was ordered to stand by the police car, whereupon Plaintiff MONROE proceeded to lean against the police car. Upon further information and belief, one of the Defendant Detectives ordered Plaintiff MONROE not to lean against the police car, whereafter Plaintiff MONROE informed the Defendant Detectives that he had an injured and chronic back condition and wore a brace, whereafter the Defendant Detectives ordered Plaintiff MONROE to "stand straight". Upon further information and belief, the Defendant Detectives radioed for backup police officers, which responded to the location within a few minutes. Two other unmarked police cars, each of which contained two officers, and a police transport vehicle arrived, whereafter Defendant Detective ANDERSON asked Plaintiff MONROE if he knew why he was being stopped, to which Plaintiff MONROE stated that he had "no idea", to which Defendant ANDERSON stated in sum and substance "this is a drug prone location". Defendant DETECTIVE ANDERSON proceeded to ask the Plaintiffs "are there any drugs in the car?" Plaintiff MONROE stated that there were no drugs in the car. Defendant Detective ANDERSON then asked Plaintiff MONROE if he had any drugs on his person, to which Plaintiff MONROE stated that the

only drugs on his person were prescription pain medications that he was taking for his back condition. Defendant Detective ANDERSON then asked Plaintiff MONROE where the drugs were located, to which Plaintiff MONROE stated that they were in his coat pocket, whereupon Defendant Detective ANDERSON proceeded to reach inside Plaintiff MONROE'S left coat pocket and remove a bottle of prescription pain medication and a silver pill container from the person of Plaintiff MONROE. Defendant ANDERSON then called out the other officers, stating in sum and substance "look what we got". Plaintiff MONROE then informed Defendant Detective ANDERSON that he had the prescriptions for all the drugs on his person in a folder inside the vehicle, but Defendant Detective ANDERSON and Defendant LONGARDINO did not look for the folder and did not examine Plaintiff MONROE'S copies of his prescriptions. Upon further information and belief, one of the other offices then approached Defendant Detective ANDERSON and took Plaintiff MONROE'S silver pill container and removed three vicodin tablets and proceeded to walk toward Plaintiff SADHOFF'S vehicle and place the pills on the floor of Plaintiff SAHOFF'S vehicle. Defendant Detective ANDERSON then began to pat down Plaintiff MONROE, repeatedly asking Plaintiff MONROE about his back brace while intentionally and forcefully striking the brace at least ten times during the patdown of Plaintiff MONROE, each time causing extreme pain to Plaintiff MONROE, without lawful reason or cause. Defendant Detective ANDERSON then asked Plaintiff MONROE what would happen if he removed the back brace, to which Plaintiff MONROE explained that he would "most likely hit the ground", to which Defendant Detective ANDERSON stated in sum and substance: "lets find out", whereupon Defendant Detective ANDERSON forcefully tore the back brace

—6—

off Plaintiff MONROE'S person, causing Plaintiff MONROE to physically fall on the ground, exacerbating and aggravating Plaintiff MONROE'S back injury, for which he has been medically treated since 2007. Another officer, described as an older female officer, assisted Plaintiff MONROE to his feet, whereupon both Plaintiffs were searched, handcuffed and transported to the 104th precinct, where the Plaintiff's were searched again and fingerprinted. The Plaintiffs were then transported to Central Booking, where they were searched a third time by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiffs spent approximately twenty four hours in the custody of THE NEW YORK CITY POLICE DEPARTMENT, during which time no medical assistance was offered to Plaintiff MONROE. Upon further information and belief, both Plaintiff's were accused of felony drug possession charges (NY Penal Law section 220.16) by the QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE under docket numbers 2010QN002640 and 2010QN002641, based upon information provided by Defendant Detectives LONGARDINO and ANDERSON. Upon further information and belief, Plaintiff SADHOFF'S criminal case was dismissed by the Queens County District Attorney's Office in August 2010. Plaintiff MONROE pled guilty to the reduced violation of Penal Law Section 240.20 (Disorderly Conduct) at his first Court appearance on February 9, 2010. As a result of the aforementioned use of excessive and unnecessary force by Defendant DETECTIVE ANDERSON, Plaintiff MONROE was required to undergo additional medical treatment for his injured back, which was made much worse by the alleged conduct and actions of Defendant DETECTIVE ANDERSON. As a result of Plaintiff SADHOFF'S unlawful arrest and prosecution he was subjected to public humiliation and embarrassment.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, unlawful arrest.**

12. Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEWYORK CITY POLICE DETECTIVE ALESSANDRO LONGARDINO, Shield # 7210, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully and falsely arresting and detaining Plaintiff ROBERT SADHOFF, without probable cause.

14. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ALESSANDRO LONGARDINO, Shield # 7210, Narcotics Borough Queens, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ROBERT SADHOFF.

## SECOND FEDERAL CLAIM

**Violation of rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, unlawful arrest**

15. Plaintiffs incorporate by reference the allegations set forth in paragraphs One through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

DETECTIVE ROBERT ANDERSON, Narcotics Borough Queens, acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully and falsely arresting and detaining Plaintiff ROBERT SADHOFF without probable cause.

17. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON, Narcotics Borough Queens, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ROBERT SADHOFF.

### THIRD FEDERAL CLAIM

### Violation of the rights secured by section 42 U.S.C. 1983- Excessive Force

18. Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Plaintiff WILLIAM MONROE was subjected to the excessive use of force by Defendant NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON, Narcotics Borough Queens, which force was undue and excessive in effectuating the arrest of Plaintiff WILLIAM MONROE resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff WILLIAM MONROE.

20. As a consequence of Defendant NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON'S actions, Plaintiff WILLIAM MONROE suffered and continues to suffer physical injury, great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT.

### FOURTH FEDERAL CLAIM

### Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth

## Amendments to the United States Constitution- Unlawful Search

21. Plaintiffs incorporate by reference each of the allegations contained in paragraphs One through Twenty (20) as if fully set forth herein.

22. Plaintiff WILLIAM MONROE was subjected to an unlawful search by Defendant NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON, Narcotics Borough Queens, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff WILLIAM MONROE.

23. As a consequence of Defendant NEW YORK CITY POLICE DETECTIVE ROBERT ANDERSON'S actions Plaintiff WILLIAM MONROE has suffered and continues to suffer physical injury, great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

### Violation of Rights secured by section 42 U.S.C 1983- Malicious Prosecution

24. Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One through Twenty Three (23) as if fully set forth herein.

25. Plaintiff ROBERT SADHOFF was subjected to malicious prosecution by Defendants NEW YORK CITY POLICE DETECTIVES LONGARDINO and ANDERSON, who initiated a criminal prosecution of Plaintiff SADHOFF, without basis in fact or law.

26. As a consequence of the actions of Defendants NEW YORK CITY POLICE DETECTIVES LONGARDINO and ANDEROSN, Plaintiff ROBERT SADHOFF has suffered and continues to suffer loss of time from employment, as well as extreme emotional upset.

**WHEREFORE,** the Plaintiffs demand the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant New York City Police Detectives LONGARDINO and ANDERSON.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 31, 2012

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax (212) 227-2330
E: vbrownlaw@yahoo.com